<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SALAAM REEVEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>    Defendants. | Civil Action No. 26-2800 (ZNQ) (JTQ)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1), motion seeking a temporary restraining order (ECF No. 2), and application to proceed *in forma pauperis* (ECF No. 1-2) in this prisoner civil rights matter. Having reviewed Plaintiff's application, this Court finds that leave to proceed without the prepayment of fees is authorized in this matter and Plaintiff's application shall therefore be granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted. Because Plaintiff's complaint shall be dismissed without prejudice, Plaintiff's motion seeking a temporary restraining order shall be denied without prejudice at this time.

## I.  BACKGROUND

Plaintiff is a convicted state prisoner in the custody of the New Jersey Department of Corrections.  (ECF No. 1 at 1.)  At some point in the past, Plaintiff was charged with possession of an illicit substance and was found guilty of a prison disciplinary infraction as a result, but that infraction was ultimately overturned for lack of evidence.  (*Id.*)  Plaintiff alleges that his guilty finding at least partially arose out of a "violation" of state body camera regulations by Sergeant Sanchez which Plaintiff does not detail.  (*Id.*)  Plaintiff alleges that after his charge was overturned, he suffered various retaliatory incidents including being assigned to a cell "with a violent, incompatible gang-affiliated inmate," being subjected to threats and intimidation, the issuance of new "fabricated" disciplinary charges,[1] repeated stays in disciplinary housing on "bogus allegations," and unspecified forms of harassment.  (*Id.*)  Plaintiff provides no details for any of these allegations, nor does he identify any of the individuals involved in any of these incidents.  (*Id.*)  As Defendants, Plaintiff names the NJ Department of Corrections, the DOC's commissioner, the director of the DOC, Sergeant Sanchez, and John Does for whom Plaintiff provides no identifying information other than to state that they "participated or directed retaliatory actions."  (*Id.*)   As to Kuhn and Falvey, Plaintiff alleges only that they "failed to train, supervise, and

---

[1] In an exhibit attached to his complaint, Plaintiff provides a few additional details, none of which support his allegations that the new charges against him were meritless.  (ECF No. 1-3.) Specifically, plaintiff states that the cell mate about whom he complained was "mentally unwell and verbally abuse[d]" him, and as a result he refused to enter his cell on December 29, 2025, resulting in a disciplinary charge which led to his loss of various privileges including 60 days of commutation credits.  (*Id.* at 1.)  When Plaintiff returned to his normal unit, he again refused to enter his cell and was told that he could not pick his cell assignment.  (*Id.* at 2.)  He again refused to lock up, and was again issued disciplinary charges resulting in sanctions including 90 days of lost commutation credits.  (*Id.* at 2-3.) These facts therefore suggest that the only identifiable new charges Plaintiff received were based entirely on Plaintiff's refusal to enter his assigned cell, which Plaintiff admits occurred,  undermining his conclusory allegation that he received new "fabricated" disciplinary charges.

discipline staff" which he believes has resulted in a "pattern of failing to enforce [body camera] protocols, failing to preserve evidence, and retaliate[ion]. (*Id.* at 3.) Plaintiff provides no details to support this allegation and identifies no instances of such violations to support the conclusory allegation of a pattern of wrongdoing. (*Id.*)

## II.    <u>LEGAL STANDARD</u>

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    **DISCUSSION**

In his complaint, Plaintiff seeks to federal civil rights claims pursuant to 42 U.S.C. § 1983 against the New Jersey Department of Corrections and various officials employed by the Department. The Department itself, however, is both entitled to Eleventh Amendment Immunity and is in any event not a person subject to suit in a federal civil rights proceeding. *See e.g., Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 70-71 (1989); *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). The Department must therefore be dismissed from this matter with prejudice.

Turning to the remaining Defendants, Plaintiff seeks to raise claims including a claim that he was denied due process at prison disciplinary proceedings, first amendment retaliation claims, a failure to protect claim regarding his cellmate assignment, and supervisor liability claims against Kuhn and Falvey. In each case, Plaintiff pleads no facts about the personal involvement of any

4

specific, identifiable Defendant in the alleged wrongs.[2]  A defendant in a civil rights proceeding must be personally involved in the alleged wrong.  *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Because supervisory defendants may not be held vicariously liable for the actions of their subordinates and must have personal involvement to support a claim for relief, a supervisory may generally only be held liable if they were directly involved in wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates, or they created a policy or custom which was the moving force behind the alleged wrong.  *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

As Plaintiff's complaint is devoid of facts beyond mere conclusory allegations that any named Defendant was directly involved in the alleged wrongs, he fails to state a plausible direct claim for relief as to any named Defendant.  Likewise, Plaintiff's supervisory claims do not contain any factual allegations which would permit the inference that Kuhn or Falvey were directly involved in any alleged wrong, nor that they had actual knowledge and acquiesced in the wrongdoings of their subordinates.  Although Plaintiff states a conclusory allegation that there was a pattern of wrongdoing requiring further training, he pleads no facts to support that conclusion and instead rests entirely on only his own individual complaints.  In the absence of factual allegations of other incidents showing a need for further training, this conclusory allegation is patently insufficient to state a supervisory claim for relief against either Kuhn or Falvey.  Plaintiff's claims against all of the named Defendants must therefore be dismissed without prejudice for

---

[2] Although Plaintiff alleges Sgt. Sanchez didn't follow prison body camera rules, he does not allege that Sanchez was the hearing officer in his disciplinary proceeding or was otherwise involved in ensuring that Plaintiff received due process in any hearing.  Plaintiff thus does not provide any allegations which would permit the inference that Sanchez was directly involved in any denial of due process.

5

failure to state a claim for which relief may be granted at this time.  Plaintiff's claims against John Doe Defendants similarly must be dismissed because he pleads nothing but a conclusory allegation of retaliation against these unidentified individuals about whom Plaintiff provides no details or information.

Plaintiff's complaint must therefore be dismissed without prejudice in its entirety for failure to state a plausible claim for which relief may be granted.  Because Plaintiff's complaint shall be dismissed in its entirety, Plaintiff's motion seeking a temporary restraining order (ECF No. 2) is denied without prejudice at this time.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-2) shall be **GRANTED**, Plaintiff's claims against the NJ DOC are **DISMISSED WITH PREJUDICE**; Plaintiff's complaint (ECF No. 1) shall otherwise be **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim for which relief may be granted, and Plaintiff's motion seeking a temporary restraining order (ECF No. 2) is **DENIED WITHOUT PREJUDICE** in light of the dismissal of the complaint.  Plaintiff shall be granted leave to file an amended complaint addressing these deficiencies within thirty days.  An order consistent with this Opinion will be entered.

Date: March 19, 2026

s/ Zahid N. Quraishi
_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
